Craig H. Durham
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
208-724-2617
chd@fergusondurham.com

Richard Alan Eppink
W/REST COLLECTIVE
812 W. Franklin
Boise, ID 83702
208-371-9752
ritchie@wrest.coop

Attorneys for Defendant Roberts

**UNITED STATES DISTRICT COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BROOKS ROBERTS, <br><br> Defendant. | Case No. 1:23-cr-00053-DKG-2 <br> Case No. 1:23-mj-00108-DKG-2 <br><br> **DECLARATION OF COUNSEL** |

I, Craig H. Durham, declare as follows.

1. I am competent to testify about these matters.

1

2. The Court appointed me to represent Defendant Brooks Roberts in these two cases. The Court also appointed Richard Eppink as co-counsel under the Court's CJA mentoring program in both cases.

3. Trial is currently set for August 22, 2023, in both cases.

4. Counsel need additional time to prepare.

5. Although these are misdemeanor cases, they are unlike any misdemeanor case on which counsel have previously worked. This has become even more clear after government agents shot Brooks Roberts in a botched arrest on a misdemeanor warrant.

6. On May 19, 2023, agents hatched a scheme to arrest Timber, Brooks, and Judy at their campsite near McCall. That scheme involved using undercover officers, dressed in flannel shirts and jeans, to lure Timber out of the trailer using a ruse that they needed a jump for a dead battery. The agents did not identify themselves as such. Once the officers began to take Timber down, he yelled for help. Brooks wheeled out of the trailer with a gun, thinking his brother was getting robbed or worse. Without warning, more than one agent shot Brooks up to 13 times.

7. Brooks was transferred to a trauma center in Boise, where he underwent surgery. He is now paralyzed from the waist down. He is currently at a rehabilitation hospital in Boise.

8. The shooting has changed the course of these cases dramatically.

9. First, it is questionable whether Brooks will be healthy enough by August 22 for him to appear in person in the courtroom. He is currently undergoing painful rehabilitation and physical therapy. It is unclear when his medical providers at the rehabilitation hospital will clear him to move to the next step in his rehabilitation, or what that next step will be. He may go to a nursing home, a different rehabilitation center, or into housing with assistance. He has a constitutional right to be present at his trial and to assist meaningfully in his defense when he is present.

10. Next, Brooks's counsel requested discovery from the government about the arrest and shooting immediately after the incident, but it has been slow to arrive. This has also hindered our ability to prepare.

11. The government did not disclose the first batch of discovery related to the arrest – consisting only of body cam and other video recordings, without any written reports or witness statements – until June 26. Despite repeated requests, the government did not provide additional discovery related to the arrest, including incident reports, until July 10.

12. Discovery in these cases is voluminous. On top of what has been provided related to the over two-year investigation of this family, nearly 8 gigabytes of video was produced on June 26, comprising 30 separate video files some of which run for multiple hours. The July 10 batch appears to include 325 Bates numbered documents comprising over 400 pages of new material. It also includes purported

statements by Brooks concerning the charges and arrest in this case that law enforcement alleges to have heard while listening to Brooks's conversations with medical providers. It is unclear whether there is still more discovery to come.

13. Brooks's attorneys need <u>all</u> of the discovery from the arrest and shooting to prepare effectively for their client's defense. They also need sufficient time to go through what they have received so far.

14. Finally, counsel are actively investigating a motion to dismiss under the Eighth Amendment and related grounds, but they need more time to complete that investigation. This is so both because of the voluminous nature of the discovery provided so far and because counsel need time to consult with potential experts who can help them with complex issues that lie at the intersection of homelessness and criminal law. Counsel also may need to file a motion to suppress Brooks's statements during the arrest.

15. The undersigned has contacted counsel for the government, who is not opposed to a continuance.

16. It is counsel's understanding that Judy Roberts is not opposed to the request, but that Timber Roberts does object.

17. Regardless of Timber's position, Brooks Roberts's attorneys need additional time in which to prepare for trial for the reasons given. Should the Court

deny this request, Brooks will be deprived of his right to the effective assistance of counsel under the Sixth Amendment.

18.     Counsel have consulted with their client about a continuance, and he consents to the filing of this motion.

EXECUTED on this 14th day of July 2023.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

/s/Craig Durham  
Attorney for Brooks Roberts