Craig H. Durham
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
208-724-2617
chd@fergusondurham.com

Richard Alan Eppink
W/REST COLLECTIVE
812 W. Franklin
Boise, ID 83702
208-371-9752
ritchie@wrest.coop

Attorneys for Defendant Roberts

**UNITED STATES DISTRICT COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BROOKS ROBERTS,<br><br>Defendant. | Case No. 1:23-cr-00053-DKG-2<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ALL COUNTS** |

1

## INTRODUCTION

The Constitution separates the legislative and executive powers. Congress creates the laws, and the President enforces them. U.S. Const. art. I; art. II. Although Congress can give limited discretion to administrative agencies to implement and enforce the law, it cannot delegate its legislative power in the process.

Here, the Government has charged Brooks Roberts with crimes that have been created and enforced entirely by the Bureau of Land Management and the Forest Service, respectively. These are administrative agencies that sit within the executive branch. Yet Congress failed to provide an "intelligible principle" by which either the Secretary of the Interior (BLM) or the Secretary of Agriculture (Forest Service) exercise their discretion within these areas. Lacking such a principle, the charges in this case are the product of an unconstitutional delegation of legislative power. They should be dismissed.

## BACKGROUND

BLM and Forest Service officers have repeatedly hounded Brooks, Judy, and Timber Roberts, a homeless family, from place to place on federal public lands. Citing regulations promulgated by their respective agencies, officers have insisted that the Robertses stay no longer than 14 days in one place and do not move anywhere within a 25-mile radius from their previous spot.

In February of 2023, the Government charged Brooks Roberts with six misdemeanor counts based on agency regulations. Dkt. 1, pp. 1-3. Counts I (BLM) and IV (Forest Service) allege that Mr. Roberts "camped" on federal public land for longer than allowed. *Id*. at 2-3. Count II charges him with improperly disposing of garbage on BLM land. *Id*. It is unclear what Count III charges, and it is the subject of a separate motion to dismiss filed on today's date. *Id*. Counts V and VI allege that Mr. Roberts occupied Forest Service lands for a "residential purpose" (Count V) and for "other than recreational purposes (Count VI). *Id*. at 3.

All these charges are found in the Code of Federal Regulations – created, implemented, and enforced by the agencies – rather than the United States Criminal Code.

## LEGAL STANDARDS

"All legislative Powers herein granted shall be vested in a Congress of the United States." U.S. Const. art. I. The Supreme Court has long held that 'that Congress generally cannot delegate its legislative power to another Branch.'" *Mistretta v. United States*, 488 U.S. 361, 371–72 (1989) (cleaned up and citations omitted).

A delegation is permissible, however, "if Congress has made clear to the delegee 'the general policy' he must pursue and the 'boundaries of his authority.'" *Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019). Conversely, a statute will be an unconstitutional delegation if it (1) "delegate[s] power to the agency that would be

3

legislative power" and (2) the statute does not provide an "intelligible principle" to guide the agency's discretion *Jarkesy v. SEC*, 34 F.4th 446, 459, 461 (5th Cir. 2022) (holding that the SEC's regulation allowing it to choose whether to proceed through an administrative adjudication or in an article III court violated the non-delegation doctrine).

When Congress seeks to delegate its power to enact criminal rules, even greater specificity in the delegation may be required. *See*, *e.g.*, *Touby v. United States*, 500 U.S. 160, 165-66 (1991). And "the degree of agency discretion that is acceptable" also "varies according to the scope of the power congressionally conferred." *Whitman v. Am. Trucking Ass'n*, 531 U.S. 457, 475 (2001).

**DISCUSSION**

**A.     The BLM Lacks the Authority to Enact Criminal Laws**

BLM is exercising legislative power by enacting these criminal regulations. A rule is legislative when it has "the purpose and effect of altering legal rights, duties, and relations of persons outside of the legislative branch." *Jarkesy*, 34 F.4th at 461 (quoting *INS v. Chadha*, 462 U.S. 919, 952 (1983)). The BLM regulations on which the Government relies alter what one can and cannot do on BLM land. That is the essence of the legislative power.

At the same time, the statute authorizing statute provides no intelligible principle to guide the BLM's discretion in exercising this power. The statute at issue, 43

4

U.S.C. § 1733(a), reads in part that "the Secretary shall issue regulations necessary to implement the provisions of [the Federal Land Policy and Management Act of 1976] with respect to management, use, and protection of public lands."[1] The regulations promulgated under this statute subject violators to up to six months in jail, a $1,000 fine, or both. *Id.*

The enabling statute offers no guidance or restraint for what rules might or might not be "necessary" to manage, use, and protect public lands. That is left entirely up to the Secretary. As the district court of the District of Nevada noted on its way to concluding that BLM lacked criminal lawmaking authority, this broad language has prompted the Secretary to enact rules ranging "from housing policies, to traffic laws, to firearms regulations, to mining rules, to agriculture certifications." *United States v. Pheasant*, 2023 WL 3095959, at *6 (D. Nev. April 26, 2023) (footnotes omitted). The statute gives the Secretary unlimited discretion to enact laws in any area that he or she deems necessary.

The district court's decision in *Pheasant* is instructive. There, the defendant had been riding a motorcycle on BLM land when he became involved in a dispute with BLM officers. 2023 WL 3095959, at *2-3. The Government charged him, in relevant part, with

---

[1] Although there are other statutes that authorize the Secretary of the Interior to promulgate similar regulations, 43 U.S.C. § 1733(a) is the only one that allows for criminal enforcement of regulations like those here. *See, e.g., United States v. Henderson*, 243 F.3d 1168, 1171 (9th Cir. 2001).

5

resisting the issuance of a citation or arrest (Count II) and failure to use a taillight at night (Count III). 2023 WL 3095959, at *3. He moved to dismiss those counts as unconstitutional under the non-delegation doctrine, and the district court granted his motion. *Id*. at *9. In doing so, the court found that 43 U.S.C. § 1733(a) lacked an intelligible principle to guide BLM's exercise of discretion. *Id*. This was particularly troubling to the district court, as BLM controls approximately 68% of the state of Nevada, and "[a]llowing Executive agencies to create the very crimes they are tasked with enforcing" over that vast area "effectively turns them into 'the expositor, executor, and interpreter of criminal laws.'" *Id*. at *6. That the BLM controlled so much land, according to the court, made it "vital that Congress provides a limiting principle." *Id*. at *8.

## B. The Forest Service Lacks the Authority to Enact Criminal Laws

The same reasoning applies to the Forest Service regulations on which the Government seeks to punish Mr. Roberts here. They included charges that he resided on Forest Service land for more than 14 days and that he used Forest Service land for residential purposes. Dkt. 1, pp. 1-3.

The regulations, like the BLM regulations, are quintessentially legislative acts because they alter the legal rights of those who use Forest Service land. Because Congress is delegating its legislative power to criminalize conduct, even greater specificity in the delegation is required.

6

Yet that does not exist. The Forest Service derives its authority to enact these criminal regulations in 36 CFR 261 from 16 U.S.C. § 551. *See United States v. Kent*, 945 F.2d 1441, 1443 (9th Cir. 1991) (construing 36 C.F.R. § 261.10(b) as based on 16 U.S.C. § 551).

As with the BLM enabling statute, 16 U.S.C. § 551 gives the Secretary of Agriculture exceptionally broad authority "to make such rules and regulations and establish such service as will insure the objects of such reservations, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction." *Id*. There are no true restraints on this power, and the Forest Service has enacted regulations and rules that run the gamut from how long one can stay on Forest Service land (as here) to parking restrictions to restrictions on pack animals to water skiing. *See*, *e.g.*, 36 CFR § 261.58(a); § 261.10(b); § 261.16(a). Like the enabling act for the BLM, this statute also lacks an intelligible principle by which the Department of Agriculture exercises its criminal rule-making authority. These regulations are also unconstitutional under the non-delegation doctrine. Counts IV, V, and VI should likewise be dismissed.

\* \* \*

Mr. Roberts acknowledges that the Supreme Court has not found that a statute unconstitutionally delegated legislative power in the past 80 years. *See Gundy*, 139 S.Ct. at 2129 ("[o]nly twice in this country's history (and that in a single year) ha[s] [the Supreme Court] found a delegation excessive .…") (citing *A.L.A. Schechter Poultry Corp.*

7

*v. United States*, 295 U.S. 495 (1935); *Panama Refin. Co. v. Ryan*, 293 U.S. 388 (1935)). Recognizing this, the Ninth Circuit has remarked that winning a non-delegation argument is a "tall order." *See, e.g.*, *United States v. Melgar-Diaz*, 2 F.4th 1263, 1267 (9th Cir. 2021) (holding that Congress appropriately delegated authority to criminalize "entering the United States from Mexico at a time or place other than as designated by immigration officers.").

It may be a tall order, but it is warranted when Congress provides no meaningful guidance to cabin an agency's criminal lawmaking power. Recent developments across the federal courts show a revived interest in enforcing the doctrine. The *Pheasant* case, discussed above, is the starkest example, but *Pheasant* drew on movement in the higher courts.[2] In *Jarkesy*, for example, the Fifth Circuit concluded that a statute authorizing the SEC to decide for itself whether to bring an enforcement action in federal court or through administrative adjudication lacked any limiting principle and, as such, was unconstitutional. *Jarkesy*, 34 F.4th at 462. Interest is particularly acute when, as here, Congress passes its criminal lawmaking authority to an agency. *Cf. Esquivel-Quintana v. Lynch*, 810 F.3d 1019, 1027 (6th Cir. 2010) (Sutton, J., concurring in part and dissenting in part) (expressing skepticism that courts should defer to agency interpretations of criminal statutes), *rev'd on other grounds*, 581 U.S. 385 (2017).

---

[2] The Government has appealed the district court's order of dismissal in *Pheasant* to the Ninth Circuit. *United States v. Pheasant*, Case No. 23-991 (docketed May 23, 2023).

At least four justices of the Supreme Court are open to considering more strict policing of delegation. *See, e.g., Gundy*, 139 S. Ct. at 2131 (Alito, J., concurring) ("[i]f a majority of this Court were willing to reconsider the approach we have taken for the past 84 years [of upholding capacious delegations of power], I would support that effort."). As are at least eight judges on the Fifth Circuit. *Cargill v. Garland*, 57 F.4th 447, 472 (5th Cir. 2023) (en banc) (plurality op.) ("For many jurists, the question of Congress's delegating legislative power to the Executive in the context of criminal statutes raises serious constitutional concerns.").

The time is right for a course correction. The BLM and Forest Service have been acting both as lawmakers and law enforcers, controlling a vast geographical area, without a lawful delegation of criminal lawmaking authority from Congress. The Court should dismiss all counts in the Information.

## CONCLUSION

Brooks Roberts respectfully moves the Court to dismiss all counts in the Information.

Respectfully submitted on this 1st day of September 2023.

/s/ Craig H. Durham

/s/Ritchie Eppink

Attorneys for Brooks Roberts

9